ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JOSÉ L. SILVERIO SÁNCHEZ<br><br>Apelado<br><br>v.<br><br>BEATRIZ VEGA VÉLEZ; BENJAMÍN VÉLEZ VÉLEZ<br><br>Apelantes | TA2026AP00489 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2024CV01789<br><br>Sobre: Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece ante nos la señora Beatriz Vega Vélez y Benjamín Vélez Vélez (en adelante los Apelantes) mediante un *Recurso de Apelación* instado el 13 de mayo de 2026. En su recurso, nos solicita que revoquemos la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante TPI o foro primario) el 15 de abril de 2026, en la cual declaró "Ha Lugar" la Demanda de incumplimiento de contratos y daños.

Por los fundamentos antes expuestos, se modifica cierta parte de la Sentencia emitida por el TPI en torno a la necesidad del consentimiento por parte de la persona que tenga la nuda propiedad, para que el Sr. Benjamín Vélez Vélez o cualquier otro tercero pueda estar en la residencia usufructuada y así, se confirma el resto de la Sentencia. Exponemos el trasfondo factico y procesal que acompaña la presente controversia.

**I.**

El 15 de octubre de 2024, José L. Silverio Sánchez (en adelante, el Apelado) presentó Demanda sobre incumplimiento de

contrato en contra de los Apelantes.[1] En su escrito adujo que el 16 de febrero de 2022, realizó una escritura pública de divorcio por consentimiento mutuo junto con Beatriz Vega Vélez ante el Notario Carlos Ramon Cruz Carrión.[2] Como parte de la antes mencionada escritura se realizó una estipulación de acuerdos sobre divorcio por consentimiento mutuo. Una de las estipulaciones en específico la "l" establece que "[s]e le adjudica al compareciente José Luis Silverio Sánchez el usufructuó vitalicio de la finca de 7 cuerdas de terreno donde se encuentra ubicada la residencia".[3] Además, las estipulaciones contienen una cláusula "m" que expone lo siguiente, "[l]a compareciente Beatriz Vega Vélez, como madre, disfrutara de la residencia mientras tenga vida". [4]

Como parte de su alegato señaló que se le ha impedido el "acceso a la finca de 7 cuerdas para disfrutar su derecho real de usufructo vitalicio, y hasta le han amenazado con machete para que este no pueda entrar y trabajar la agricultura. Específicamente detrás de la [v]ivienda la demandada y su pareja Benjamín Vélez Vélez no le permiten acudir a esa área de la finca donde siembra piñas, ñame, plátanos, café y parchas". [5]

El 23 de octubre de 2024, se diligenciaron los emplazamientos correspondientes a los Apelantes.[6]

El 22 de noviembre de 2024, los Apelantes presentaron su Contestación a Demanda y Reconvención.[7] En su escrito señalaron que el Codemandado Vélez Vélez no forma parte de la estipulación y acuerdos sobre divorcio por consentimiento mutuo, por lo cual procedía su desestimación.[8] Asimismo, la Sra. Beatriz planteó que

---

[1] Véase Ent. Sum. TPI. Núm. 1.
[2] *Íd*.
[3] *Íd*., Anejo I.
[4] *Íd.*
[5] *Íd.*
[6] Veasé Ent. Sum. TPI. Núm. 5.
[7] Veasé Ent. Sum. TPI. Núm. 7.
[8] *Íd.*

el Apelado condicionó la firma de la Escritura de Donación a que ella y sus dos hijas sean las únicas residentes de la propiedad.[9]

El 5 de diciembre de 2024, el Apelado formuló su Réplica a Reconvención.[10] En resumidas cuentas, expuso que los daños reclamados en contra de Benjamín Vélez Vélez no tienen que ver con las estipulaciones y acuerdos sobre el divorcio por consentimiento mutuo.[11] En lo que respecta a defensas afirmativas no levantó ninguna. No obstante, expuso que "[n]o se renuncia a levantar cualquier defensa que pueda surgir durante el descubrimiento de prueba".[12]

El 18 de diciembre de 2024, el Apelado presentó una Demanda Enmendada para añadir al Apelante Benjamín Vélez Vélez como parte de sus causas de acción en torno a responsabilidad extracontractual. En su escrito señaló que:

> El codemandado Benjamin Vélez Vélez ha sacado machetes para el demandante. A su vez ha agredido físicamente al demandante. [El Apelante] cogió unos diferenciales que tenía el demandante, uno de Toyota Tacoma y otro de una Jeep Samurai y los desapareció". Al demandante le han desaparecido todos los racimos de plátano de la finca cuya venta generaría $5,000.00. Al demandante le sacaron de un cuarto de guardar cosas un quintal de abono y maquinarias.[13]

El 3 de enero de 2025, los Apelantes presentaron su escrito titulado Contestación a Demanda Enmendada y Reconvención.[14] En resumidas cuentas, negó la mayoría de las alegaciones de la Demanda Enmendada.[15] A su vez, el 7 de enero de 2025, el Apelado presentó su Réplica a Reconvención.[16]

---

[9] *Íd.*
[10] Véase Ent. Sum. TPI. Núm. 8.
[11] *Íd.*
[12] *Íd.*
[13] Véase Ent. Sum. TPI. Núm. 13.
[14] Véase Ent. Sum. TPI. Núm. 13.
[15] *Íd.*
[16] Véase Ent. Sum. TPI. Núm. 15.

El 15 de abril de 2026, el foro primario emitió una Sentencia en la cual declaró "Ha Lugar" la Demanda.[17]

Inconforme con esta determinación, los Apelantes presentaron un Recurso de Apelación ante este foro realizando los siguientes señalamientos de errores:

1) Erró el Tribunal de Primera Instancia al Determinar que: "el Sr. Benjamín Vélez Vélez no posee autorización alguna para el uso y disfrute de la propiedad localizada en la Carr. 408 Km 6.4 interior del Barrio Palma Escrita del Municipio de Las Marias. Por tanto, Benjamín Vélez Vélez, no está autorizado a residir en la propiedad ni disfrutar de la misma".

2) Erró el Tribunal de Primera Instancia al Determinar que: "la demandada Beatriz Vega Vélez no esta autorizada a extender su derecho de usufructo a terceras personas sin el consentimiento escrito del demandante Jose [sic] L. Silverio Sanchez [sic].

3) Erró el Tribunal de Primera Instancia al Determinar que: "adviniendo a la mayoría de edad las menores titulares del inmueble, (hijas de Beatriz y José) también se requerirá que las mismas comparezcan por escrito a autorizar a terceras personas cualquier tipo de usufructo que se pretenda ser impuesto sobre a referida propiedad.

4) Erró el Tribunal de Primera Instancia al Determinar que: "El Sr. Jose (sic) L. Sánchez (sic) está autorizado a utilizar el pasillo del lado derecho de la residencia y que fue construido con el propósito de sacar los productos agrícolas de la finca con mayor facilidad. De igual forma puede utilizar los caminos de entrada, frente de la propiedad, lado derecho, izquierdo y trasero de la propiedad para llevar a cabo su negocio agrícola o cualquier actividad que conlleve el uso y disfrute de la finca".

5) Erró el Tribunal de Primera Instancia al Ordenar a: "los demandados, Beatriz Vega Vélez y Benjamín Vélez Vélez a indemnizar por daños y perjuicios provocados al demandante, por la cantidad de $50,000.00 ($25,000.00 por cada uno), de los cuales la Sra. Beatriz Vega Vélez y aún le queda debiendo al demandante $16,000.00 luego de los créditos adjudicados por la venta de la Tacoma 2018".

6) Erró el Tribunal de Primera Instancia al Ordenar a: "los demandados Beatriz Vega Vélez y a Benjamín Vélez Vélez para por concepto de honorarios de abogados y costas incurridas en el transcurso de

---

[17] Véase Ent. Sum. TPI. Núm. 48.

exigir el cumplimiento específico del contrato, la cantidad de $5,000.00 ($2,500.00 cada uno), además los intereses al interés legal correspondiente.

7) Erró el Tribunal de Primera Instancia al: No disponer nada sobre la alegación de la reconvención de la negativa del demandante José. L. Silverio Sánchez en otorgar la escritura de donación a sus hijas según la estipulación de divorcio.

Destacamos, que el 18 de mayo de 2026, emitimos una Resolución en la cual se le advirtió a la parte Apelante que de no presentar la reproducción de la prueba oral, darían por renunciado todo señalamiento de error que dependa parcial o totalmente de dicha evaluación.[18]  El 19 de mayo de 2026, los Apelantes mediante una Moción Informativa señalaron que "no estaremos tramitando la transcripción de la prueba oral".[19]

## II.

## A. Usufructo

El Prof. Manuel Izquierdo Encarnación señala que los derechos reales de goce le permiten al titular del derecho, gozar, disfrutar, utilizar o beneficiarse de alguna manera de bienes ajenos. M. Izquierdo Encarnación, *Introducción a los Derechos Reales*, 2.ª ed. rev., San Juan, Ed. Situm, 2021, pág. 139. Entre los derechos reales de goce se encuentra la figura del usufructo. Según el Art. 877 del Código Civil de Puerto Rico "[e]l usufructo es el derecho real de uso, goce y disfrute temporal de una cosa ajena conforme con su naturaleza y destino. Puede constituirse también sobre un derecho que no sea personalísimo o intransmisible". 31 LPRA sec. 8381.

El usufructo puede constituirse mediante hechos o circunstancias según disponga la ley, mediante negocio jurídico

---

[18] Véase Ent. Sum. TPI. Núm. 2.
[19] Véase Ent. Sum. TPI. Núm. 3.

bilateral o unilateral y por la usucapión. 31 LPRA sec. 8382. Además, el usufructo puede pactarse a título oneroso o gratuito. 31 LPRA sec. 8384. También puede constituirse sobre la totalidad de los bienes del patrimonio o a título singular que solo recaerá en los bienes determinados por las partes. *31 LPRA sec. 8384.* Como regla general, "[e]l derecho de usufructo se rige por lo que establece el titulo constitutivo y, en lo que no resulte de él, por las disposiciones de este Código y la legislación sobre la materia". 31 LPRA sec. 8387.   Si no se establece cual es límite temporal del usufructo, se entenderá que es constituido por toda la vida del usufructuario. 31 LPRA sec. 8385. El usufructo al ser un derecho personalísimo se extingue con la persona. *Vda. de Delgado v. Boston Ins. Co*, 101 DPR 598, 604 (1973).

El Art. 895 del Código Civil vigente establece el respeto del uso y el goce del usufructuario. En específico el artículo dispone que "[e]l propietario conserva la facultad de disposición jurídica y material que corresponde a su derecho, pero no debe perjudicar el uso y el goce del usufructuario. Si lo hace, el usufructuario puede exigir el cese de la actividad". 31 LPRA sec. 8412. El Prof. Vélez Torres añade que:

> Toda vez que el propietario sólo retiene la facultad de disponer, porque a el se le ha sustraído la de disfrutar mientras dura el usufructo, lo único que tiene sobre la cosa es la propiedad nuda o desnuda o, como señala Colin y Capitant, el propietario ha sido despojado de las ventajas principales de la propiedad. J. R. Vélez Torres, *Lecciones de Derecho de Cosas*, 1.ª ed. rev., Santo Domingo, Ed. Larwrence, 1977, pág. 334.

Por otro lado, el Art. 896 del Código Civil expone que dentro de las facultades del usufructuario se encuentra el poder aprovechar para sí mismo la cosa usufructuada, el poder arrendar y enajenar su derecho a usufructuó ya sea a título oneroso o gratuito, pero, el negocio jurídico que celebre terminará al culminar el usufructo. Asímismo, el usufructuario podrá hipotecar el usufructo. 31 LPRA sec. 8413. Por lo tanto, el "*usufructuario*

*cede el uso y disfrute de la cosa*". (Énfasis suplido). Vélez Torres, *op cit*. pág. 342.

**B. Temeridad**

La Regla 44.1 (d) de Procedimiento Civil expone que: ¨[e]n caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda corresponda a tal conducta¨. 32 LPRA Ap. V.

Según Hernández Colon la imposición de honorarios de abogados constituye una penalidad económica dirigida a la parte que ha litigado de manera temeraria o frívola durante el proceso. Hernández Colon, *op cit*., pág. 436. Asimismo, el Tribunal Supremo ha expuesto que la temeridad se refiere a ¨cuando un litigante perdidoso por su terquedad, testarudez, obstinación, contumacia, empecinamiento, impertinencia e *insistencia en una actitud desprovista de fundamentos obliga a la otra parte a asumir innecesariamente las molestias, los gastos e inconvenientes de un pleito*¨. *Asoc. Salud Primaria y otros v. ELA*, 2025 TSPR 74, 216 DPR __ (2025). (Énfasis nuestro).

La decisión de si una parte es o no es temeraria descansa en la *sana discreción* del tribunal. *Santiago v. Sup. Grande*, 166 DPR 796, 821 (2006). Por consiguiente, los foros apelativos intercederán solamente, cuando haya un claro abuso de discreción por parte del foro primario. *Íd*.

La jurisprudencia ha establecido que no existe temeridad cuando se presenta una causa de acción en el Tribunal de Primera Instancia y este es uno de carácter novel. *Cabanillas v. Gelpi,* 65 DPR 945 (1946). No obstante, también nuestro máximo foro ha señalado que el que no haya jurisprudencia sobre la controversia

y que, por ello, se trate de una cuestión novedosa ante los tribunales no significa por sí solo, que la aparte haya actuado sin temeridad. *Muñíz v. Vda. de Suarez*, 52 DPR 563 (1938).

### C. Daños y perjuicios.

El legislador codificó en el Art. 1536 del Código Civil de 2020 lo relacionado a la responsabilidad por culpa o negligencia el cual establece que ¨[l]a persona que por culpa o negligencia causa daño a otra, viene obligado a repararlo¨. 31 LPRA sec. 10801. Por consiguiente, para que haya una causa de acción al amparo del antes mencionado artículo se tiene que incurrir en culpa o negligencia, causar un daño y el nexo causal entre los primeros dos (2) elementos.

En lo que respecta a la negligencia el Art. 1163 del Código Civil de 2020 expone que:

> La culpa o negligencia del deudor consiste en la omisión de aquella diligencia que exige la naturaleza de la obligación y corresponde a las circunstancias de las personas, del tiempo y del lugar.
>
> Cuando la obligación no exprese la diligencia que debe prestarse en su cumplimiento, se exige lo que corresponde a una persona prudente y razonable. 31 LPRA sec. 9315.
>
> [. . . ]

Ahora bien, en torno a los daños el Código Civil no nos brinda una definición. No obstante, el Tribunal Supremo ha expuesto que ¨[d]año es todo aquel menoscabo material o moral que sufre una persona ya, [sea] en sus bienes vitales naturales, ya en su propiedad o en su patrimonio, causado en contravención a una norma jurídica y por el cual ha de responder otra¨. *García Pagán v. Shiley Caribbean*, 122 DPR 193, 204 (1988).

Sin daño o perjuicio no existe la obligación de indemnizar. *López v. Porrata Doria*, 169 DPR 135, 151 (2006), aludiendo a J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1983, T. 2, Vol. 3, pág. 91. La responsabilidad civil "trata de

reparar un perjuicio y si éste no queda demostrado, no existirá acto ilícito civil …. El actor ha de demostrar, por tanto, la realidad del daño que le ha sido inferido y su cuantía". Íd.

Los foros apelativos no intervendrán con las decisiones de los jueces de los foros primarios, a menos que medie pasión, prejuicio, parcialidad o error manifiesto en la apreciación de prueba. *Santiago Montañez v. Fresenius Medical*, 195 DPR 476, 491 (2016). En lo que respecta a daños y perjuicios se ha destacado que "la tarea judicial de estimar y valorar los daños es difícil y angustiosa, debido a que no existe un sistema de computación que permita llegar a un resultado exacto con el cual todas las partes queden complacidas y satisfechas". *Íd*.

Los foros apelativos no intervendrán con la valorización de daños que hace el Tribunal de Primera Instancia, a menos que la cuantía sea una ridículamente baja o exageradamente alta. *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 910 (2012). "Al revisar una sentencia del Tribunal de Primera Instancia que concedió daños, *los foros apelativos deben considerar la prueba desfilada* y concesiones otorgadas en casos similares resueltos anteriormente". (Énfasis suplido). *Íd*; *Herrera, Rivera v. SLG Ramírez – Vicens*, 179 DPR 774, 786 (2010).

### III.

En el caso de marras el Recurso de Apelación tiene siete (7) señalamientos de errores. Los señalamientos de errores uno y dos (1 y 2) se estarán analizando en conjunto por estar estrechamente relacionados.

El 15 de octubre de 2024, el Apelado presentó una Demanda sobre incumplimiento de contrato y daños y perjuicios en contra de los Apelantes. En su alegato estableció que el 16 de febrero de 2022, el Apelado y la Apelante Beatriz Vega Vélez realizaron una escritura pública de divorcio por consentimiento mutuo. Como

parte de la escritura se acogieron unas estipulaciones de acuerdos sobre divorcio por consentimiento mutuo entre las partes en la cual le adjudicaron la propiedad residencial a sus hijos. La titularidad de la propiedad residencial seria transferida a los hijos mediante una escritura de donación. Además, por la finca ser una de explotación agrícola, el Apelado tendría un usufructúo vitalicio sobre la misma para que pueda cosechar los diferentes frutos en los que labora. Por otro lado, también se reconoció un usufructo vitalicio a la Apelante Beatriz Vega Vélez para que resida en la propiedad residencial. En específico la estipulación "m" que se incorpora al instrumento público establece que "[l]a compareciente Beatriz Vega Vélez, como madre, disfrutara de la residencia mientras tenga vida".

El 22 de noviembre de 2024, la Apelante presentó su Contestación a Demanda y Reconvención. En su escrito señaló que el Apelado condicionó la firma de la Escritura de Donación a que ella y sus dos hijas sean las únicas que residan en la propiedad y que se excluya a la actual pareja sentimental de la Apelante y también Apelante en este caso, el señor Benjamín Vélez Vélez.

Los señalamientos de errores uno y dos giran en torno a que el foro primario erró en resolver que Benjamín Vélez Vélez no tiene autorización para el uso y disfrute la propiedad residencial y que la Apelante Beatriz Vega Vélez no puede extender su derecho de usufructo sin el consentimiento del Apelado. Le asiste la razón a los Apelantes.

Como señalamos anteriormente, el usufructo es un derecho real de uso, goce y disfrute. Según el tratadista Carlos Lasarte "el *goce y disfrute del usufructuario es tan amplio que*, con carácter general, puede afirmarse que, durante el plazo de vigencia del usufructo, es perfectamente asimilable al propio goce y disfrute que correspondería al propietario de la cosa, salvo siempre, que

otra cosa se dispusiere en el título de constitución". (Énfasis suplido). C. Lasarte, Propiedad y derechos reales de goce, 10.a ed. rev., Madrid, Ed. Marcial Pons, 2010, T. IV, pág. 280. De lo antes mencionado se puede colegir que el usufructuario puede disfrutar la propiedad de una manera amplia. Por lo tanto, es razonable concluir que si una persona que tiene el derecho propietario de un bien inmueble decide quién entra y quien sale. A falta de pacto contrario, el usufructuario también puede decidir quién entra y quien sale del bien usufructuado.

Las partes mediante unas estipulaciones realizadas el 16 de febrero de 2022 y a su vez incorporadas a la Escritura Número cinco (5) de Divorcio por Consentimiento Mutuo ante el Notario Carlos Ramón Cruz Carrión en la fecha antes mencionadas, se limitaron a establecer solo dos clausulas en lo que respecta a el usufructo. Estas cláusulas giraban en torno a establecer un usufructo vitalicio para el Apelante y un usufructo vitalicio para la Apelada. No se desprende del título constitutivo limitación alguna a que terceras personas no puedan utilizar la propiedad residencial según entienda la Apelada Beatriz Vega Vélez.

En lo que respecta a que, la Apelante Beatriz Vega Vélez necesita el consentimiento del Apelado para extender su derecho de usufructo al Sr. Benjamín Vélez Vélez. Esta determinación del foro primario no cuenta con fundamento jurídico alguno. El Art 896 del Código Civil de 2020, 31 LPRA sec. 8413 establece que una vez se otorga un bien en usufructo, el usufructuario puede realizar múltiples negocios jurídicos entre ellos arrendar, enajenar a título oneroso o gratuito e hipotecar el usufructo. Si todos estos negocios jurídicos no necesitan el consentimiento por escrito de la persona que tiene la nuda propiedad, tampoco se debe exigir el consentimiento del Apelado en el escenario de que la usufructuaria

quiera compartir el uso, goce y disfrute del bien inmueble residencial con otra persona.

En lo que respecta al tercer error, los Apelantes señalaron que erró el foro primario al determinar en que una vez sus dos hijas alcancen la mayoría de edad, tienen que comparecer por escrito a autorizar a terceras personas cualquier tipo de usufructo. Les asiste la razón.  Esta determinación por parte del foro primario tampoco se sostiene en derecho, debido a los fundamentos antes expresados en el párrafo anterior y el artículo 896 del Código Civil. Del Apelado otorgar la Escritura de Donación a sus hijas se transfiere la nuda propiedad a estas últimas, pero, tienen que respetar el usufructo otorgado a su madre y el derecho de disfrute de esta.

El cuarto señalamiento de error incide sobre la inspección ocular realizada por la jueza de instancia el 7 de abril de 2026. Los Apelantes establecen que erró el foro primario en determinar que el Apelado podía utilizar un pasillo al lado derecho de la residencia y que fue construido con el propósito de sacar productos agrícolas con mayor facilidad.  No le asiste la razón. No habiéndonos puestos en posición de que se haya cometido pasión, prejuicio, parcialidad o error manifiesto en la apreciación de prueba y la inspección, la determinación de la jueza del foro primario merece deferencia.

El quinto señalamiento de error gira en torno a que erró el foro de instancia al conceder una indemnización de $50,000 al Apelado, es decir $25,000 por cada Apelante. No le asiste la razón. El estándar de revisión apelativa en casos de daños y perjuicios para variar la indemnización otorgada por el foro primario es si la cuantía es una ridículamente baja o exageradamente alta. Para hacer este análisis tenemos que considerar *la prueba desfilada* ante el foro primario. (Énfasis suplido). No obstante, no contamos

con la transcripción de la prueba oral, *debido a que según los Apelantes no la tramitarían*.[20] (Énfasis suplido). Por consiguiente, dieron por renunciado el señalamiento de error.

Los Apelantes en su sexto señalamiento de error exponen que erró el foro primario al imponer la cantidad de $5,000 en imposición de honorarios. Como regla general la decisión de si una parte es o no es temeraria descansa en la sana discreción del tribunal. Por consiguiente, los foros apelativos intercederán solamente, cuando haya un claro abuso de discreción por parte del foro primario. No habiéndonos puesto en posición de que se haya cometido algún abuso de discreción se confirma la imposición de honorarios.

Por último, el séptimo señalamiento de error es sobre que el foro primario tenía que expresarse sobre la negativa del Apelado en otorgar la escritura de donación con la condición de que sus hijas y la Apelada Vega Vélez sean las únicas residentes de la propiedad. El foro primario no tiene por que expresarse sobre este elemento. Las partes a base de la autonomía de la voluntad y la libertad contractual pueden pactar las cláusulas y condiciones que entiendan pertinentes en el negocio jurídico. Según el Art. 1232 del Código Civil de 2020 "[e]s facultativo contratar o no hacerlo, y hacerlo, o no con determinada persona. Estos derechos no pueden ejercerse abusivamente ni contra una disposición legal. Las partes pueden acordar cualquier cláusula que no sea contraria a la ley, a la moral o al orden público". 31 LPRA sec. 9753.

Ciertamente, como dicen los Apelantes la condición sobre quienes residen en la residencia no forma parte de las estipulaciones y acuerdos por divorcio por consentimiento mutuo. Ahora bien, ese no es el negocio jurídico en donde se tiene que

---

[20] Véase Ent. Sum. TA. Núm 3.

pactar ese tipo de condiciones, si no que tiene que ser en la escritura de donación correspondiente.

## IV.

Por los fundamentos antes expuestos, se modifica cierta parte de la Sentencia emitida por el TPI en torno a la necesidad del consentimiento por parte de la persona que tenga el nudo propietario para que el Sr. Benjamín Vélez Vélez o cualquier otro tercero pueda estar en la residencia usufructuada y así se confirma el resto de la Sentencia.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones